J-S14005-17

## NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LAMAR DOUGLAS CLARK, | : | |
| Appellant | : | No. 1289 MDA 2016 |

Appeal from the Judgment of Sentence July 7, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0005760-2014

BEFORE:    GANTMAN, P.J., SHOGAN, and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED APRIL 25, 2017**

I join the portions of the Majority Memorandum regarding sufficiency of the evidence and jury instructions.  I part company with the Majority's holding that the closing argument of the prosecutor did not cross the line and constitute improper bolstering.

During his closing argument, the prosecutor stated:

> Veldresha Lucas, defense counsel referenced the deals, promises.  If you have heard about any promises – if there were any promises that have been made to any of these witnesses, you would have heard about them, because of this process, discovery, because of disclosure, because I am an officer of the [c]ourt, first and foremost.  I have an obligation to disclose everything.  Any [sic] there were no promises made.  Any insinuation that there are promises made that you haven't heard about is basically an insinuation that I am corrupt.  And I assure you, after 21 years of practicing law, I am not corrupt.  No promises have been made to anybody in any way, shape or form.

N.T., 5/2/2016, at 70-71.

---

*Retired Senior Judge assigned to the Superior Court.

The Majority holds that the "prosecutor's remarks simply demonstrated that Commonwealth would have disclosed any promise made to Ms. Lucas in exchange for her testimony." Majority Memorandum at 6. It further holds that the comments were "directly responsive to defense counsel's comments about Ms. Lucas' pending charges and possible benefits she might gain as Commonwealth witness"[1,2] and aspects of the statement

---

[1] Defense counsel argued as follows:

> Ms. Lucas has a false identification to law enforcement authorities conviction from on July 28th of 2008. Perhaps more important is what is pending. What does she have pending as of the time of her testimony last week? Case number one, which is continued on three separate occasions in … June and October of last year [and] January of this year, is the aggravated assault, graded as a felony of the second and a criminal mischief case. Do you believe she has been promised anything? Do you believe that she was being evaluated? Do you believe that there are certain stressors associated with having a pending case and then being asked by the same organization, the District Attorney's Office to testify in a case?
>
> You, only you, can decide whether there is any bias or prejudice in favor of the Commonwealth and against her brother.… You have to decide whether because of this pending case, whether or not the case was continued, whether she is or one day will get consideration if that case is resolved. It is only allegations at this point, if that case is resolved in the form of a negotiated plea agreement versus a trial.
>
> Her second case is known as access device fraud.… That case is also pending. Once again, it is also pending with the District Attorney's Office, they are the prosecution arm in this County. They are the prosecutors. So, do you believe there is an incentive? Is there any bias? Is there any prejudice with respect to [Ms. Lucas], when she has these two open cases and she changes her statement from the beginning of April of 2016

- 2 -

"were mere oratorical flourish and did not improperly bolster Ms. Lucas' credibility." *Id.* The Majority concludes that under these circumstances, the prosecutor's reference to lack of a deal with Ms. Lucas did not constitute prosecutorial misconduct. *Id.*

"It is well settled that 'the district attorney must limit [his] remarks to facts in evidence and legitimate inferences therefrom.'" *Commonwealth v. Jubilee*, 589 A.2d 1112, 1115 (Pa. Super. 1991) (citations omitted). "Prosecutorial conduct in argument is a matter of special concern because of the possibility that the jury will give special weight to the prosecutor's arguments, not only because of the prestige associated with his office, but also because of the fact-finding facilities presumably available to him." *Commonwealth v. Cherry*, 378 A.2d 800, 804 (Pa. 1977). "[A] prosecutor

---

to the day before the testimony[?] Why? Is it because she has pending cases and the District Attorney's Office is in charge of the prosecution?

Cases get continued for a lot of reasons. The access device fraud case was continued once. The aggravated assault case was continued three or four times. But I will tell you that when a defendant is a witness for the Commonwealth in a case, that also is a reason that a case can be continued.

N.T., 5/2/2016, at 37-39.

[2] I would also note that although defense counsel stressed the inconsistency between a statement Ms. Lucas gave to the defense investigator prior to trial and Ms. Lucas' trial testimony, *see* N.T., 5/2/2016, at 35, the jury also had before it her original statement that she gave police in November 2014, which was consistent with her trial testimony, and her testimony that she lied to the defense investigator to help her brother. *See* N.T., 5/2/2106, at 84.

commits improper bolstering when it places the government's prestige behind a witness through personal assurances as to the witness's truthfulness, and when it suggests that information not before the jury supports the witness's testimony." ***Commonwealth v. Reid***, 99 A.3d 427, 447 (Pa. 2014). I do not dispute that a prosecutor may fairly respond to a defense counsel's insinuation that there was a deal between the Commonwealth and the Commonwealth's witness not disclosed by the Commonwealth. ***See Commonwealth v. Strong***, 563 A.2d 479, 483-84 (Pa. 1989) (holding that the prosecutor's statement "I tell you ladies and gentlemen, there were absolutely no promises made to him" was a proper and necessary retort to defense counsel's attack on the credibility of the prosecution's witness). Here, however, the prosecutor's comments "went far beyond fair commentary on the defense argument" and "were rife with excessive hyperbole that went far beyond permissible oratorical flair." ***Commonwealth v. Culver***, 51 A.3d 866, 877 (Pa. Super. 2012). The prosecutor did not just deny that there was a deal between the Commonwealth and Ms. Lucas or point to Ms. Lucas' testimony denying she made a deal. Here, the prosecutor attempted to bolster Ms. Lucas' credibility by vouching for his own credibility, stressing his role as a prosecutor and essentially testifying to the jury that they should believe him (and therefore Ms. Lucas) because he is an officer of the court, not corrupt, and therefore honest.

Nevertheless, at the conclusion of the trial, the trial court instructed the jury that they may not consider "the opinions of the attorneys with respect to any of the witness [sic] or testimony" and informed the jury that they are "the sole and exclusive judges of the facts and how you weigh all of the evidence and the testimony is up to you." N.T., 5/2/2016, at 99. The trial court further instructed the jury that

> there was testimony presented about people with pending criminal charges and also, that a witness came forward with information at the time that the witness had pending criminal charges. It is entirely up to you what weight you give this testimony. You may consider that, along with all of the other factors in weighing the credibility and reliability of the testimony of those witnesses.

N.T., 5/2/2016, at 105-06.[3]

We presume the jury follows the trial court's instructions. *Commonwealth v. Lopez*, 57 A.3d 74, 84 (Pa. Super. 2012). I would hold that "the trial court's cautionary instruction was sufficient to overcome any potential prejudice the prosecutor's statement may have had upon Appellant." *Id.* Any error in not granting a mistrial regarding the prosecutor's remarks was thus harmless. Therefore, I would affirm the judgment of sentence.

---

[3] This instruction also included reference to a defense witness who had pending charges and came forward after he was incarcerated. *See* Trial Court Opinion, 10/3/2016, at 13.